IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JORGE LUIS SILVA-HUETE, | Case No. 26-cv-00042-DKW-WRP |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| DAVID VENTURELLA, *in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement,*[1] *et al.*, | |
| Defendants. | |

This is a habeas proceeding purportedly brought to obtain the "immediate release" of Petitioner Jorge Luis Silva-Huete.   Instead, based on inactivity and non-responsiveness to this Court's Orders, it has been anything but.   In fact, other than the filing of the Habeas Petition that initiated this action, it is debatable whether anything else would have occurred without the prompting and directions of this Court.   Because that is no way for any litigation to proceed, for the reasons discussed further below, this action is DISMISSED WITHOUT PREJUDICE for

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), David Venturella is automatically substituted as the Acting Director of U.S. Immigration and Customs Enforcement.   *See https://www.ice.gov/leadership* (last visited June 23, 2026); *https://www.ice.gov/news/releases/acting-ice-director-david-j-venturellas-statement-camp-east-montana-visit.*

failure to prosecute and failure to comply with the June 3, 2026 Stipulation approved by the Court.

## BACKGROUND

On January 30, 2026, Silva-Huete initiated this proceeding under 28 U.S.C. Section 2241 with the filing of a Petition for Writ of Habeas Corpus.  Dkt. No. 1. Therein, *inter alia*, Silva-Huete alleged that he was detained by U.S. Immigration and Customs Enforcement (ICE) on July 24, 2025, and, despite an Immigration Judge granting his application for withholding of removal on November 20, 2025, he remained in ICE's custody at a facility in Honolulu, Hawai'i.  Silva-Huete, therefore, requested his "immediate release" from custody.

On February 5, 2026, because the Habeas Petition did not reflect service of the same on any of the named Respondents, the Court (1) ordered Silva-Huete to serve the same on the Respondents and file proof of such service, (2) ordered Respondents to respond to the Habeas Petition by February 25, 2026, and (3) forewarned Silva-Huete that failure to file proof of service by February 25, 2026 would result in the dismissal of this action for failure to prosecute.  Dkt. No. 5. On the same day, the Court also ordered Silva-Huete to file, by February 9, 2026, all exhibits referenced in, but missing from, the Habeas Petition.  Dkt. No. 6.

2

To this date, Silva-Huete has failed to comply with the Court's instruction to file the exhibits referenced in the Habeas Petition.

However, on the very last day for notifying the Court of having served Respondents, February 25, counsel for Silva-Huete represented, *inter alia*, that Respondents had been served with the Habeas Petition by priority and electronic mail.  Dkt. No. 10.

For more than three months—from February 25 through May 28, 2026— nothing occurred in this supposedly emergent case.  As a result, on May 29, 2026, in light of the purported service of Respondents and the representations in the Habeas Petition—the only ones in the record at that time—the Court ordered Respondents to Show Cause why Silva-Huete should not be immediately released from custody, assuming that he was still in custody.  Dkt. No. 11.  The Court gave (1) Silva-Huete until June 3, 2026 to file proof of service of the Order to Show Cause on Respondents, and (2) Respondents until June 8, 2026 to respond to the Order to Show Cause.  The Court also forewarned Silva-Huete that failure to file timely proof of service would result in dismissal of this action for failure to prosecute.

On June 2, 2026, counsel for Silva-Huete represented that a copy of the Order to Show Cause had been served on Respondents by electronic mail.  Dkt.

3

No. 12.   A day later, on June 3, the parties filed a joint Stipulation.   Dkt. No. 14.

Therein, the parties stipulated to, *inter alia*, (1) service of the Habeas Petition on

Respondents, (2) the parties reaching their own agreement, without notifying the

Court, that "Respondents would not file a response to the Petition so that Petitioner

would not need leave of Court to file an Amended Petition or Supplemental

Petition", and (3) Silva-Huete having 14 days from entry of the Stipulation to file

an amended or supplemental petition.   Despite the absence of forewarning or

consultation, the Court approved the Stipulation on the same day, June 3.   *Id.*

Therefore, Silva-Huete had until June 17, 2026 to file an amended or supplemental

petition, *i.e.*, 14 days from June 3.

Perhaps unsurprisingly, this case has been silent since June 3, 2026.   In

other words, a week after the June 17, 2026 deadline that the parties selected,

Silva-Huete has failed to file the promised amended or supplemental petition.

**DISCUSSION**

Courts have the authority to dismiss actions for failure to prosecute or for

failure to comply with court orders.   *Pagtalunan v. Galaza*, 291 F.3d 639, 640

(9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992);

*Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)   Before doing so, a

court should weigh: "(1) the public's interest in expeditious resolution of litigation;

4

(2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61).

Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances. First, as the Background above indicates, *expeditious resolution* of this emergency habeas litigation does not appear to be a concern of anyone other than the Court. Silva-Huete has ignored Orders of this Court, such as the direction to file exhibits referenced in the Habeas Petition four and a half months ago, failed to apprise the Court of the parties' agreement to essentially wait for an unknown time to proceed, and failed to comply with the June 17 deadline that he requested in the Stipulation. This factor, therefore, clearly favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, the Background above also indicates that this action, despite its inactivity, weighs on the Court's ability to manage its docket. Specifically, the Court cannot manage the docket of this case if the Petitioner, Silva-Huete, fails to comply with the Court's Orders and Stipulations to which Silva-Huete has agreed.

Those failures also hinder the Court's ability to manage its dockets *in toto*, given the time spent shepherding the parties, all represented by counsel, in just this one case.   This factor too, therefore, favors dismissal.

Third, due in no small part to Silva-Huete's inactivity, it is more challenging to assess the risk of prejudice to Respondents.   Nonetheless, generally speaking, risk of prejudice is related to the reason for failure to prosecute an action.   *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).   Here, other than a brief assertion that counsel has "experienced communication problems" with Silva-Huete, no excuse or explanation has been offered for the relatively extreme inactivity in this case—at least in relation to the alleged need for Silva-Huete's "immediate release".   Moreover, *no excuse* has been offered for Silva-Huete's failure to comply with the June 17, 2026 deadline he requested.   When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92.

Fourth, the Court has been more than accommodating of the inactivity in this case, permitting Silva-Huete months to prosecute the same, despite the failure to comply with deadlines or even provide some form of an update.   After the Court prompted some activity in the case, Silva-Huete agreed to a concrete deadline to

6

file an amended or supplemental petition, but, again, failed to comply and, again, without any explanation.   In this light, the only alternative to dismissal would be to continue to expend the limited resources of this Court and allow Silva-Huete an indefinite amount of time to prosecute.   Having permitted Silva-Huete such an alternative up to this point to no avail, the Court declines to continue to do so.   As a result, this factor also favors dismissal.   *See Ferdik*, 963 F.2d at 1262.

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal.   *Pagtalunan*, 291 F.3d at 643.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the June 3, 2026 Stipulation and failure to prosecute.   *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.
Dated: June 24, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

7